UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
EILEEN MURRAY                                                  :
                                                               :
      Plaintiff,                                              :
                                                               :
                                                               :  Docket No.
      v.                                                      :
                                                               :  **EFC CASE**
BRIDGEWATER ASSOCIATES, LP, AND                                :  **ELECTRONICALLY FILED**
BRIDGEWATER ASSOCIATES, LP                                     :
PHANTOM EQUITY INCENTIVE AWARD                                 :
PLAN                                                           :
                                                               :
      Defendant.                                              :
---------------------------------------------------------------X

# COMPLAINT

## FOR DECLARATORY RELIEF

## **PARTIES**

1.    Plaintiff Eileen Murray ("Plaintiff" or "Ms. Murray") is an individual who resides in Upper Grand View, New York.

2.    Defendant Bridgewater Associates, LP ("Bridgewater") is a Delaware Limited Partnership with a place of business at One Glendenning Place, Westport Connecticut.

3.    Defendant Bridgewater established its Bridgewater Associates, LP Phantom Equity Incentive Award Plan (the "Plan," and with Bridgewater, "Defendants") which is a non-qualified employee benefit plan as defined by Section 201(2) the Employee Retirement and Income Security Act ("ERISA"), 29 U.S.C. § 1002(2), that is exempt from certain requirements of ERISA, as a plan maintained primarily for the purpose of providing deferred compensation to a select group of management or highly compensated employees.

4. Based on the allegations in this Complaint, Plaintiff seeks a declaratory judgment pursuant to ERISA and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

**JURISDICTION AND VENUE**

5. Plaintiff brings this action under ERISA § 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B), and 28 U.S.C. § 2201, to clarify her rights to future benefits under the terms of, and otherwise to recover benefits under, the Plan, and for appropriate equitable relief under ERISA § 502(a)(3), 29 U.S.C. 1132(a)(3).

6. This Court has subject matter jurisdiction over this action, and it may assert personal jurisdiction over Defendants pursuant to ERISA 502(e)(2), 29 U.S.C. 1132(e)(2). Venue is proper in this District as Defendants do business in the Connecticut, and Plaintiff had been employed in Connecticut by Bridgewater.

**FACTUAL ALLEGATIONS**

7. Bridgewater is reported to be the largest hedge fund in the world with assets under management approximating $140,000,000,000.00.

8. Plaintiff joined Bridgewater in 2009 and has acted a Co-Chief Executive Officer since 2013.

9. During her tenure at Bridgewater as Co-Chief Executive Officer, Plaintiff was consistently given high performance reviews and received praise for leading the firm in generating significant profits.

10. A significant component of compensation earned by Plaintiff was in the form of deferred compensation awards ("Deferred Compensation") granted to her annually under the Plan

by Bridgewater for each year of the eleven (11) years of her work, each of which is scheduled to be paid in annual installments of varying durations.

11. The value to Ms. Murray of her accrued Deferred Compensation over the next ten (10) years depends on certain performance variables, but can be estimated to range from $20 million to $100 million-- significant sums that she earned for her eleven (11) years of work.

12. Plaintiff has relied on the Deferred Compensation she earned from Bridgewater to plan for the care of her family needs in her retirement years.

13. Plaintiff departed her employment at Bridgewater in early April of 2020.

14. Plaintiff has an international business profile and is regularly reported in the media as being one of the most highly placed women executives in the financial industry. Plaintiff also has served as a leader and mentor for women in the business world and financial industry, and is regularly asked to provide insights and guidance at public forums about diversity and inclusion practices.

15. The circumstances underlying Plaintiff's departure from Bridgewater have given rise to substantial claims by Plaintiff against Bridgewater based on gender discrimination, unequal pay, and breach of contract.

16. Plaintiff has sought in good faith to resolve such claims, but to no avail.

17. While her dispute with Bridgewater has become protracted, Plaintiff has continued to gain professional recognition since her departure from Bridgewater.

18. Plaintiff was recently named Chairperson of the Financial Industry Regulatory Authority, known as FINRA.

19. Plaintiff was also recently named to the Board of Directors of the international bank, HSBC, and the Guardian Life Insurance Company.

20. Plaintiff has also been approached with opportunities to join other Boards and to consider various investment initiatives which necessarily require disclosure about material matters impacting, or potentially impacting, her participation.

21. Based on Plaintiff's present and potential roles and duties, including without limitation her judgment about what is appropriate and necessary to disclose to current and prospective business partners, Plaintiff has informed Bridgewater that she has disclosed, and plans to disclose, to various third parties the existence of her dispute with Bridgewater.

22. Consistent with the foregoing, Plaintiff specifically informed Bridgewater that she disclosed to FINRA that she was involved in a dispute with Bridgewater which involves unequal treatment by Bridgewater and significant unpaid compensation due her.

23. On July 14, 2020, Bridgewater informed Ms. Murray in writing that, based upon the authority granted Bridgewater under the terms of the Plan, her public disclosures about her dispute with Bridgewater will result in a forfeiture of Plaintiff's Deferred Compensation.

24. Ms. Murray disputed in writing the authority of Bridgewater to forfeit her Deferred Compensation awards, however, the Defendants have failed to reverse their position.

25. Ms. Murray also stands as a role model for women, and feels a personal duty to uphold the principles of fair and equal treatment that she has publicly avowed for women in the workplace.

26. Bridgewater's claim that Ms. Murray stands to forfeit her Deferred Compensation because she has affirmed her right to publicly disclose the existence of her gender discrimination and breach of contract claims against Bridgewater, is both a breach of the terms of the Plan and an improper gambit to silence her voice.

27. Ms. Murray has acknowledged that certain specifically defined "confidential information" and "trade secrets" of Bridgewater are protected ("Confidential Information"), and may not be improperly disclosed, which Ms. Murray has respected and will continue to respect.

28. However, Bridgewater has used a false and otherwise grossly expanded, bad faith assertion under the terms of the Plan to claim forfeiture of Ms. Murray's earned Deferred Compensation, all as part of a cynical plan to intimidate and silence her.

29. Such conduct by Bridgewater is patently wrongful and cannot go unchallenged.

30. Ms. Murray exhausted an internal review of her rights with Defendants.

31. In the event the Court were to determine that Ms. Murray did not exhaust her internal review rights, such exhaustion would have been futile because the Plan lacks any internal review process, and the same persons who have claimed she forfeited her Deferred Compensation rights under the Plan would decide any such request for review.

32. As outlined above, Ms. Murray has critical practical, ethical and fiduciary concerns to consider in the midst of her substantial dispute with Bridgewater, and thus needs the clarity of a declaratory judgment that states that her public disclosures about her gender discrimination and breach of contract dispute with Bridgewater, so long as she does not improperly disclose Bridgewater's clearly defined "Confidential Information," do not provide Defendants the right to forfeit her Deferred Compensation.

33. Plaintiff therefore requests a declaratory judgment clarifying her right to her Deferred Compensation and her future benefits under the terms of the Plan pursuant to 29 U.S.C. §1132(a)(1)(B), and other appropriate equitable relief pursuant to 29 U.S.C. §1132(a)(3).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

1) Entry of a Declaratory Judgment, as set forth above, that Plaintiff's public disclosures about her gender discrimination and breach of contract dispute with Bridgewater, so long as she does not disclose Bridgewater's clearly defined "Confidential Information," do not provide Defendants the right to forfeit her Deferred Compensation under the Plan;

2) Awarding reasonable attorneys' fees and costs; and

3) Granting such other and further relief as the Court deems just and proper.

Dated: New Canaan, CT
July 24, 2020

PLAINTIFF, EILEEN MURRAY

By: */s/ Brendan J. O'Rourke*
Brendan J. O'Rourke, Esq. (ct 00522)
O'ROURKE & ASSOCIATES, LLC
205 Main St. Suite 38
New Canaan, CT 06840
Tel. (203) 425-7660
Brendan@o-alaw.com

David Martin, Esq. (ct 27581)
William N. Wright, Esq. (ct 28418)
CUMMINGS & LOCKWOOD, LLC
Six Landmark Square
Stamford, CT 06901
(203) 327-1700
Dmartin@cl-law.com
Wwright@cl-law.com